UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> for the use and benefit of ) <br> HIS CONSTRUCTORS, INC., and ) <br> HIS CONSTRUCTORS, INC. ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> ROCKFORD CORPORATION ) <br> And LIBERTY MUTUAL INSURANCE ) <br> COMPANY ) <br> ) <br> *Defendants*. ) | CIVIL ACTION NO: |

## PLAINTIFF'S COMPLAINT

Plaintiffs, United States of America, for the use and benefit of HIS Constructors, Inc. and HIS Constructors, Inc. (collectively referred to as "HIS"), file their Complaint against Defendants, Rockford Corporation ("Rockford") and Liberty Mutual Insurance Company ("Liberty"), and in support hereof, state as follows:

## I.
## PARTIES

1. HIS is an Indiana corporation with its principal place of business located in Indianapolis, Indiana.

2. Upon information and belief, Rockford is an Alaska corporation with its principal place of business located at 6700 Arctic Spur Road, Anchorage, Alaska.

3. Liberty is Massachusetts corporation with its principal place of business located at175 Berkeley Street, Boston, Massachusetts.

## II.
## VENUE & JURISDICTION

4. This Court has subject-matter jurisdiction over this lawsuit under 28 U.S.C. § 1352 because this is an action on a payment bond issued under 40 U.S.C. § 3131, *et seq.*, which is otherwise known as the "Miller Act." This Court also has supplemental jurisdiction over this lawsuit under 28 U.S.C. § 1367 because all claims are related to and form the basis of the same case and controversy as those claims brought under the Miller Act.

## III.
## COMMON ALLEGATIONS

5. On or about August 28, 2015, Rockford contracted with the United States of America, U.S. Army Corps of Engineers, Louisville District ("Owner") for the construction of a Hydrant Fuel System to be located at Grissom Air Reserve Base, located in Peru, Indiana ("Project"). The general contract entered into between Rockford and the Owner is described as Prime Contract W912QR-15-C-0026, Hydrant Fuel System, Grissom ARB, IN ("Prime Contract").

6. As the Project was a federal project to be constructed on public property located in the State of Indiana, under the requirements of the Miller Act, Rockford was required to and did purchase and secure a payment bond for the Project from Liberty dated September 3, 2015, bearing OMB Number 9000-0045 ("Bond") (a copy of the Bond is attached as Exhibit A). The Bond guaranteed payment to all of Rockford's subcontractors in the event Rockford failed to fulfill its obligation to pay the subcontractors directly.

7. Rockford subsequently entered into a valid and enforceable subcontract with HIS for the construction of a portion of the Project. Specifically, on February 26, 2016, HIS and Rockford entered into Subcontract Number 07-1516-23 wherein HIS agreed to perform labor and to furnish materials, supplies and equipment consisting of site excavation work, removal and stockpiling of contaminated soil, contaminated soil disposal, removal of an existing underground storage tank, and the demolition and removal of an existing pump house on the Project, in return for payment in the amount of $6,001,151.57 ("Subcontract") (a copy of the relevant portion of the Subcontract is attached hereto as Exhibit B).

8. HIS performed all of the construction services required of it under the Subcontract, including all work pursuant to agreed and executed change orders; and Rockford paid HIS the agreed contract balance, and for a portion of the changes made on the Project. However, Rockford has failed and refused to pay HIS additional sums due and owing for changes to the Project schedule which caused the duration of the Project to be extended well past its original completion date and for additional costs incurred by HIS due to delays on the Project which were excusable and compensable to HIS.

## IV.
## BREACH OF CONTRACT – FAILURE TO PAY ADDITIONAL COSTS INCURRED DUE TO SCHEDULE CHANGES, DELAYS NOT CAUSED BY HIS, AND FOR RE-WORK CAUSED BY ROCKFORD

For Count IV of its Complaint against Rockford, HIS states as follows:

9. The foregoing factual allegations above are incorporated by reference as if fully set forth into the causes of action set forth below.

10. The time for completing HIS's work on the Project was a material term of the Subcontract. HIS bid for work on the Project and entered into the Subcontract with the

understanding that its work would be required to be completed based on bidding documents which indicated that the duration of HIS's work on the Project would be approximately 10 months. This duration was thereafter confirmed after the Project was awarded when Rockford prepared a Project schedule known as the Construction Area Sequencing schedule ("CAZ Schedule"). The CAZ Schedule indicated that HIS had to complete its work no later than March 2017.

11. Rockford unilaterally made several changes to the CAZ Schedule which ultimately resulted in HIS's work on the Project being extended into April, 2021, more than four years later than originally planned. Changes to the CAZ Schedule were made partially due to Rockford not being able to achieve the required production rates for its scope of work for which HIS's work was dependent; and, because Rockford unilaterally suspended work on the Project during the winter of 2016/2017 without cause or justification and which resulted in the extension of the Project duration to complete HIS' work.

12. In addition to changes being made to the CAZ Schedule due to the slower production rates achieved by Rockford and its decision to suspend work on the Project, HIS was required to complete additional work and re-work caused by defective work performed by Rockford. Rockford was responsible for the placement and welding of underground fuel transfer piping to be used on the Project. HIS was responsible for excavating the trench for the installation of the fuel transfer pipes and then backfilling the trench upon completion of the installation and welding of the fuel transfer pipes. HIS excavated the trench; Rockford installed and welded the fuel transfer pipe; and HIS backfilled the trench. Upon completion, Rockford discovered that there were defects with the welds it had executed to connect the pipe sections.

13. As a result, at substantial additional cost to HIS, it was required to re-excavate the trench around the fuel transfer pipe to allow Rockford access to repair the fuel transfer pipe and to then backfill around it once the welds were repaired.

14. On September 13, 2017, at the request of Rockford, HIS submitted a request for a change order to compensate HIS for its additional costs it would incur to complete its work based on the extended CAZ Schedule. This request was supplemented on March 1, 2018, and again on June 14, 2018. HIS further supplemented these notices upon completion of the Project to provide Rockford with the specific amount of its additional costs incurred due to the excessive changes made to the CAZ Schedule. HIS requested and demanded that Rockford pay the sum of $1,810,191.90 as compensation for these additional costs. This amount was subsequently revised down to $1,305,303.90. (HIS's request and supplements are attached hereto as Exhibit C.)

15. HIS had no role and was not responsible for any decision or the need to alter, modify or amend the CAZ Schedule or for delays which otherwise occurred on the Project.

16. Rockford has acknowledged that HIS had no role or responsibility for extending the Project completion date; however, it has failed and refused to issue the change order it requested from HIS or to compensate it for the extended costs HIS incurred as the result of the extended duration of the Project.

17. Rockford has breached the Subcontract by failing and refusing to issue a change order to HIS or to otherwise compensate it for the additional costs HIS incurred as the result of changes to the CAZ Schedule unilaterally made by Rockford which were excessive and far outside of the normal schedule changes which would typically occur on a Project of this size and complexity.

18. As a result, the amount which remains unpaid due and owing HIS totals at least the sum of $1,305,303.90.

19. HIS completed its work of the Project in a in a reasonable, timely and complete manner; and it has performed all contractual conditions precedent required of it to recover its additional costs, or such conditions have been waived or excused by Rockford.

20. Consequently, HIS has been damaged and is owed the sum of at least $1,305,303.90, together with prejudgment and post-judgment interest, and costs of this action.

WHEREFORE, HIS prays for judgment against Rockford in the amount of at least $1,305,303.90, together with prejudgment and post-judgment interest, court costs, and all other relief as may be just and proper under the circumstances.

## V.
## MILLER ACT – FAILURE TO PAY SUBCONTRACTOR ON PAYMENT BOND CLAIM AGAINST LIBERTY

For Count V of their Complaint against Defendants, the United States of America for the use and benefit of HIS stated as follows:

21. The foregoing factual allegations above are incorporated by reference as if fully set forth in the cause of action set forth below.

22. HIS has submitted a payment bond claim to Liberty and demanded payment from Liberty in the amount of $1,305,303.90 as allowed under the requirements of the Miller Act. Specifically, HIS furnished labor and materials to and for the benefit of Rockford under the Subcontract; Rockford benefited from HIS's work yet has refused to pay HIS for its work; and Liberty has refused to pay HIS for the work performed by HIS.

23. HIS has performed all conditions precedent required of it to secure its claim and payment from Liberty, or such conditions have been waived or excused by Liberty and/or Rockford.

24. Liberty has breached its obligations under the Bond in violation of the Miller Act by failing to make payment to HIS for all amounts owed by Rockford under the Subcontract, which Rockford has failed and refused to pay and which currently total at least $1,305,303.90.

25. On or about October 22, 2021, Rockford and HIS, with the consent of Liberty, entered into a tolling agreement whereby the parties agreed to stay the running of any statute of limitations or other statutory limit or deadline for filing suit while they attempted to reach a resolution of the matter. The tolling agreement provided for an indefinite tolling period which would expire 90 days after any party gave notice to the other party of its intent to withdraw from the tolling agreement. As long as suit is filed within the 90-day period after being given notice of the other parties' withdrawal from the tolling agreement, the parties agreed that the date of filing suit would be deemed to have been November 19, 2020, for purposes of determining the timeliness of the litigation which was prior to the completion of the Project.

26. On July 15, 2022, Rockford notified HIS of its intent to withdraw from the tolling agreement, which then required HIS to file the instant action on or before October 13, 2022. In doing so, the date of filing suit, by agreement, shall be deemed to be November 19, 2020, and is timely under any applicable statute of limitations or limitation period set forth in the Miller Act.

27. HIS demands that Liberty pay all sums due and owing from Rockford under the Subcontract for all work performed on the Project which sum is at least the sum of at least $1,305,303.90.

WHEREFORE, the United States of America for the use and benefit of HIS and HIS pray for judgment against Liberty and Rockford in the amount of at least $1,305,303.90, together with prejudgment and post-judgment interest, court costs, and all other relief as may be just and proper under the circumstances.

DATED: October 5, 2022			Respectfully submitted,

                          By:	/s/ Thomas A. Pastore
                               Thomas A. Pastore, #15239-49
                               THOMAS PASTORE, P.C.
                               P.O. Box 40939
                               Indianapolis, IN 46240
                               (317) 509-4306
                               tpastore@pastorelaw.com

                               **ATTORNEY FOR HIS CONSTRUCTORS, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October, 2022, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

*/s/ Thomas A. Pastore*
